FILED

10/11/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0348

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0348

FILED

OCT 1 1 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

DAVID LLOYD LERVOLD,

Petitioner,

v.

ORDER

PETE BLUDWORTH, Warden,

Respondent.

In compliance with this Court's August 30, 2022 Order, the Department of Corrections (the Department or DOC) has filed a supplemental response, concerning the credit of time as a parolee that self-represented Petitioner David Lloyd Lervold sought in his Petition for Writ of Habeas Corpus. The Department explains that Lervold is not due any additional credit for time served while he was on parole from August 16, 2018 to June 15, 2020.

By way of background, on April 12, 2017, the Richland County District Court revoked Lervold's three-year, suspended sentence and imposed a three-year DOC commitment to run consecutively to Lervold's sentence from the Yellowstone County District Court (2017 sentence upon revocation). On August 30, 2022, this Court issued an Order, granting Lervold's Petition in part and remanding the matter to the Richland County District Court to run the 2017 sentence upon revocation concurrently.

The Department puts forth that this Court correctly denied Lervold's Petition and that this Court should reach the result here again. The Department explains that when the Board of Pardons and Parole (Board) revoked Lervold's parole on October 1, 2022, the Board did not impose any dead time, which would have unlawfully extended his sentence. The Department points to § 46-23-1025(6), MCA, and the definition of dead time, which is a declination of credit for time served on parole. The Department clarifies, contrary to

Lervold's argument, that the Board did not impose any dead time on Lervold at his parole revocation. The Department adds that the Records Department did not change Lervold's sentence calculation upon his parole revocation because no dead time was applied to his sentences, thereby extending Lervold's custodial sentences. The Department notes that what changed was Lervold's new five-year, consecutive sentence, imposed on December 7, 2020, in the Yellowstone County District Court. It notes that the Records Department had to recalculate Lervold's sentences following the written judgment.[1]

The Department further points to the accompanying sentence calculation. The Department explains that the Richland County District Court has since amended Lervold's 2017 sentence upon revocation to run concurrently.[2] The Department reiterates that the Board did not impose any dead time; however, because of the other corrections, Lervold has a revised discharge date. Instead of a final discharge date from all sentences of July 5, 2028, the Department states that Lervold has a final discharge date of April 30, 2026.

The Department provides a clearer picture of Lervold's sentence calculation and why Lervold is not due any additional credit as he asserts. Lervold has not demonstrated an unlawful sentence or illegal incarceration. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Lervold's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide copies of this Order to counsel of record and to David Lloyd Lervold personally.

The Clerk is also directed to close this case as of this Order's date.

DATED this 11 day of October, 2022.

_____

---

[1] The Department includes a copy of the Yellowstone County District Court Nunc Pro Tunc Order, issued January 20, 2021, where the court corrected the credit for jail time served.

[2] The Department includes a copy of the Richland County District Court's Amended Order Revoking Suspended Sentence, and Sentence, issued on August 31, 2022.

_____

_____

_____

_____
Justices